UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANNY R. BRADFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11-CV-2046-JCH |
| ) | |
| CHRISTINE S. BRADFORD, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Danny Bradford (registration no. 1138713), an inmate at Missouri Eastern Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $33.42. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed under 28 U.S.C. § 1915(e).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $167.08, and an average monthly balance of $27.88. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $33.42, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31

(1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983.  Named as defendants are Christine Bradford, Diamond Motors, LLC, and Mary Louise Moran.  Plaintiff alleges that his ex-wife, defendant Christine Bradford, forged his signature on the title of a 1999 Toyota and sold the automobile to defendant Diamond Motors, which was aware of the forgery.  Plaintiff claims that defendant Moran "owns the property on which Diamond Motors sit[s]," and will not tell plaintiff who owns Diamond Motors. Plaintiff is, therefore, suing Moran for "hindering in the course of this lawsuit."

### Discussion

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law," and (2) the action is a deprivation of a constitutional or federal statutory right.  Parratt v. Taylor, 451 U.S. 527, 535 (1981).  The complaint fails to establish either element.  Defendants are not

state actors, and the allegations do not rise to the level of a constitutional violation.  As a result, this action is legally frivolous, and the Court will dismiss this action under 28 U.S.C. § 1915(e).

Furthermore, a court may determine that an action or allegation is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged.  Spencer, 656 F. Supp. at 463.  A complaint may be dismissed as malicious where it "was not to rectify any cognizable harm, but only to harass and disparage" the defendant. Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir.1999).  When determining whether an action is malicious, the Court need not look only to the complaint before it, but may also look to plaintiff's other litigious conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996).  Since November 1, 2011, plaintiff has filed four lawsuits, including the instant action, against his ex-wife in this Court.[1]  The Court has reviewed these cases and finds that the tone of the allegations, the frequency of the suits, and the frivolous nature of the allegations all suggest that plaintiff has filed these suits for the purpose of harassing his ex-wife.  As a result, this action is malicious, and the Court will dismiss this case for this reason, as well.

---

[1]See Bradford v. Bradford, 4:11CV1907 CEJ; Bradford v. Bradford, 4:11CV2047 TIA; Bradford v. Bradford, 4:11CV2048 CEJ.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $33.42 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and malicious. See 28 U.S.C. § 1915(e).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 8th day of December, 2011.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE